**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:09-CR-2** |
| | § | |
| **MICHAEL SHANE TALLEY** | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 25, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Shane Michael Talley. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months. Judge Leonard Davis sentenced Defendant to 37 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health counseling and a $100 special assessment. On October 31, 2011, Defendant completed the term of imprisonment and began his term of supervised release.

In its petition, the government alleges that Defendant violated his terms of supervised release when: (1) he committed the offense of Felon in Possession of a Firearm on August 27,

2012; (2) he possessed methamphetamine on July 3, 27 and August 2, 2012; (3) he failed to report for drug testing[1]; and (4) he failed to attend substance abuse counseling as directed.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by possessing a firearm on August 27, 2012, he will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

Under the terms of supervised release, Defendant was prohibited, in relevant part, from unlawfully using a controlled substance. Fifth Circuit case law permits a court to find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation.[2] U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months.  U.S.S.G. § 7B1.4(a). If the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by submitting positive urine specimens on July 3, and 27, 2012 and August 2, 2012; failing to report for drug testing; and failing to attend substance abuse counseling as directed, Defendant will have committed a Grade C violation. U.S.S.G § 7B1.1(a).  Upon a finding of a Grade C violation, the Court may: (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

[1] Defendant failed to report for drug testing as directed on May 24, 2012; June 21, 2012; July 23, 2012; and August 7, 13, 16, 23, and 27, 2012.
[2] Defendant will also be in violation of Texas Health and Safety Code § 481.115.

Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months.  U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition.  In exchange, the government agreed to recommend that Defendant serve 8 months with credit from June 20, 2013 and with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Michael Shane Talley be committed to the custody of the Bureau of Prisons for a term of imprisonment of 8 months with credit from June 20, 2013 and with no supervised release to follow.  The Court further **RECOMMENDS** that the place of confinement be FCI Fort Worth, Texas and the sentence run consecutively with state time imposed in cause number 31230 in Anderson County, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 26th day of June, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE